**Order entered January 16, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-00857-CV

## HUMITECH DEVELOPMENT CORPORATION, AND EMIL LIPPE, JR., Appellants

### V.

## ALAN PERLMAN, MICHAEL PERLMAN, ET AL, Appellees

**On Appeal from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 09-9266-J**

## ORDER

This case involves an appeal from the trial court's order denying appellants' motion to vacate an arbitration award and granting appellees' motion to confirm an arbitration award. At the January 15, 2010 hearing on the motions, appellants asked that the trial court admit into evidence the record excerpts and exhibits from the arbitration proceeding attached to appellants' motion to vacate as well as the entire arbitration record as tendered by Mr. Lippe to the trial court. The trial court admitted those materials (the excerpts attached to the motion to vacate and the "whole [arbitration] record" tendered by Mr. Lippe) into evidence:

> Mr. Lippe: . . . We ask the Court to admit into evidence all of the record excerpts and the specific exhibits attached to our motion to vacate, but we're also tendering to the Court and have filed with the Court the whole record.
>
> The Court: Yeah, I got three boxes of stuff.
>
> Mr. Lippe: So to the extent—I'm not trying to limit the Court's—
>
> The Court: I understand.
>
> Mr. Lippe: —perusal of the record. It is there for the Court, and we are not limiting the basis for the Court's review, but specifically and respectfully

directing the attention of the Court to the portions of the record that we've cited, we would ask that those be admitted into evidence and considered.

The Court:  Okay.

On February 8, 2013, appellants moved to supplement the appellate record with the arbitration record.  On February 12, 2013, this Court ordered the district clerk "to file a supplemental record consisting of the full and complete arbitration record consisting of all filings in the arbitration and the court reporter's record and exhibits from the arbitration proceeding."  At submission of this cause on November 25, 2013, the parties stated that the record had not been supplemented as ordered by this Court on February 12, 2013.  On December 18, 2013, we ordered the trial court "to conduct a hearing and determine which parts, if any, of the arbitration record that were before the trial court are missing from the appellate record."  We further ordered that if any part of those materials was missing from the appellate record, then the trial court was to determine whether the appellate record could be supplemented from the trial court's record or by agreement of the parties.  If the materials missing from the appellate record could not be supplemented from the trial court's record or agreement of the parties, then we ordered the trial court to determine what constituted an accurate copy of the missing items.

On January 13, 2014, the trial court notified this Court by letter that our December 18, 2013 order requires clarification.  It appears from the trial court's letter that the court believes we required the trial court to make a determination of whether the materials were admitted into evidence or were filed with the district clerk.  Our order required the trial court "to . . . determine which parts of the arbitration record that were before the trial court are missing from the appellate record."  We meant for the trial court to determine whether all the materials tendered to the trial court by Mr. Lippe at the hearing were contained in the appellate record.  We did not mean for the trial court to determine whether the materials were admitted into evidence or filed with the clerk.  Nor did we mean for the trial court to determine whether the materials tendered constituted the complete arbitration record.

The trial court also stated in the letter that "[t]he trial court is in physical possession of (most) of the arbitration record (arbitration pleadings, arbitration transcript, claimant's exhibits, respondent's exhibits)."  It is unclear what the trial court means by "most."  This sentence is subject to two interpretations:  (1) the trial court is in physical possession of all the materials tendered by Mr. Lippe at the hearing but those materials constitute "most" of the arbitration record because Mr. Lippe did not tender the entire arbitration record or (2) the trial court is in physical possession of "most" but not all of the materials tendered by Mr. Lippe.

After reviewing our record, we conclude that none of the materials tendered by Mr. Lippe to the trial court at the January 15, 2010 hearing as constituting the "whole" arbitration record are currently part of the appellate record.

Accordingly, we clarify our February 12, 2013 and December 18, 2013 orders as follows:

We **ORDER** the trial court to file findings of fact with this Court by February 11, 2014, on whether the trial court and/or the court reporter are in possession of all the materials tendered

by Mr. Lippe as constituting the "whole" arbitration record in the excerpt from the January 15, 2010 hearing set out above.

If the trial court and/or the court reporter are in physical possession of all the materials tendered by Mr. Lippe as constituting the "whole" arbitration record in the excerpt from the January 15, 2010 hearing set out above, then we **ORDER** the court reporter to prepare a supplemental reporter's record containing those materials and to file it with this Court by February 17, 2014.

If the trial court and/or the court reporter are not in possession of all the materials tendered by Mr. Lippe as constituting the "whole" arbitration record in the excerpt from the January 15, 2010 hearing set out above, then we **ORDER** the trial court to conduct a hearing and determine what materials are missing and whether the appellate record may be supplemented from the trial court's record or by agreement of the parties. If the materials cannot be supplemented from the trial court's record or agreement of the parties, then we **ORDER** the trial court to determine what constitutes an accurate copy of the missing items. In that situation, we order the trial court to file findings of fact on these matters with this Court by February 11, 2014, and we **ORDER** the court reporter to file with this Court by February 17, 2014, a supplemental reporter's record containing the materials tendered by Mr. Lippe as constituting the "whole" arbitration record at the January 15, 2010 hearing including any materials substituting for missing materials as found by the trial court.

We **ABATE** this appeal until February 11, 2014 or until the trial court's findings of fact are filed with this Court, whichever is sooner.

/s/     LANA MYERS
        JUSTICE